IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **MARISSA N. SHAW,** Plaintiff | § § | |
| VS. | § | CASE NO. 1:23-cv-1502 |
| **GRAY MEDIA GROUP, INC. d/b/a KWTX,** Defendant | § § § | **JURY DEMANDED** |

### PLAINTIFF'S ORIGINAL COMPLAINT

**MARISSA N. SHAW**, Plaintiff, complains of **GRAY MEDIA GROUP, INC. d/b/a KWTX**, hereinafter referred to as "Defendant" and would show the Court and jury as follows:

### SUMMARY OF COMPLAINT

1. This is a suit alleging violations of the Federal and Texas state laws prohibiting sex discrimination, retaliation, breach of contract, and violation of Texas Labor Code §52.05 seeking damages for loss of pay, compensatory damages, attorney fees, punitive damages, and equitable relief.

### PARTIES

2. Plaintiff, Marissa N. Shaw, is an adult female resident and citizen of the state of Texas. Defendant is an entity with whom Plaintiff was employed from December 27, 2016 until December 12, 2022. Plaintiff brings this suit against the entity with whom Plaintiff was employed at all relevant times described herein. Plaintiff alleges and believes that the entity or entities with whom she was employed and who is responsible for the causes of action alleged herein did business under the following names and are being sued under these names: **GRAY MEDIA GROUP, INC.** d/b/a **KWTX**. Should it be determined that the entity who employed Plaintiff and terminated her from

employment was doing business under another or different name(s), Plaintiff reserves the right to amend this petition and name any such entity under the other name(s).

3.  Defendant is a corporation and has agreed to accept service by duly served and signed waiver of citation and agreement to file an answer to this suit within the time allowed by law.

## JURISDICTION/VENUE

4.  Federal jurisdiction of the alleged causes of action is based on *28 U.S.C. § 1331* by way of Plaintiff hereinafter alleging violations of federal law and diversity of citizenship with the amount in controversy exceeding $75,000. Plaintiff is an individual resident/citizen domiciled in the State of Texas and Plaintiff believes Defendant is a corporation foreign to the State of Texas and was incorporated and domiciled in the State of Delaware.

5.  Jurisdiction of the Texas state causes of action alleged under *Texas Labor Code* Chapter 21 and *Texas Labor Code §52.051* is under the Court's supplemental jurisdiction under authority of 28 U.S.C. § 1367, since the state law causes of action are so related to the federal claims in the action within such original jurisdiction, that they form part of the same case or controversy under Article III of the United States Constitution.

6.  This suit is brought under authority of the *Title VII of the Civil Rights Act of 1964 ("Title VII"); Texas Labor Codes § 21.001 et seq.; § 21.001 et seq.; § 21.051; and § 21.055, as amended; Texas Labor Code §52.051*; and for breach of contract under Texas state law. At all times relevant to this action, Plaintiff was an "employee" and Defendant was an "employer" (with more than 15 employees at all relevant times to this suit) as those terms are defined under the herein above named laws and statutes.

7. Plaintiff has timely satisfied all jurisdictional administrative remedies which may be required to grant this Court jurisdiction of the causes of action alleged below and the statutes mentioned above.

8. Venue is proper in the Western District of Texas under 42 U.S.C.A. §2000e -5 (f)(3) because the facts alleged below or a substantial portion thereof occurred in the Western District of Texas. ("Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed . . . ") and Defendant's contacts in the Western District of Texas are significant, since it maintains a television station in said district and its program broadcasting reaches throughout a large portion of the Western District of Texas.

**FACTS**

9. Plaintiff was a female employee of Defendant who worked as a weekend anchor and multimedia journalist for Defendant. Plaintiff began work for Defendant in December 2016, was a qualified employee, and successfully performed her job functions until her illegal termination from employment on December 12, 2022.

10. On or about September 8, 2022, Plaintiff's written employment contract with Defendant was extended from October 4, 2022 through December 4, 2023.

11. In September 2022, a position for a morning news anchor became available and Plaintiff applied on November 21, 2022, to be promoted to this position. Plaintiff was highly and fully qualified for this promotion.

12. Defendant's news director, who was one of the decision-makers, told Plaintiff she would probably not get the morning news anchor position due to the fact that she was female and they were looking to hire a male in that position. This desired position was a higher profile position, which would more likely than not lead to higher pay and opportunities for promotion. The higher

position would enhance her resume and reputation for other higher positions or other higher paying and prestigious positions in the television news industry.

13. Plaintiff was never called for an interview, nor considered for this position/ promotion. Defendant continued to look for applicants for the position after refusing to consider Plaintiff for the position. After Plaintiff realized she was not getting the position, in late November, 2022, Plaintiff complained/opposed to Defendant's General Manager regarding the illegal discrimination against her by not being considered for the position /promotion due to her sex (gender female).

14. After Plaintiff filed the discrimination complaint with the General Manager, on or about December 3, 2022, Plaintiff was given her first ever disciplinary write-up, which was unfounded. Plaintiff attempted to appeal the write-up by contacting Defendant's Human Resources department, but no one from that department ever provided Plaintiff with the information on how to proceed with the appeal.

15. Plaintiff was issued a subpoena to testify in a criminal court case in federal court in Washington, D.C. involving a person living near Waco, who had been charged with participating in the January 6, 2021 riot at the nation's Capitol. Plaintiff, in her role as a news reporter for Defendant, had interviewed the person and was given a subpoena to provide testimony regarding the person in his criminal trial in Washington, D.C.. Defendant did not want Plaintiff to testify in the trial and filed a Motion to Quash the subpoena seeking to prevent her testifying. Plaintiff had been willing to comply with the subpoena if she had not been prevented by Defendant's actions.

16. Plaintiff was not given two weeks' notice of her termination in violation of her contract with Defendant. Plaintiff had performed the essential functions of her job satisfactorily and had not committed any breach of the contract. The job termination by Defendant was a breach

of her written employment contract which extended her employment through December 4, 2023 resulting in loss of pay as described below, for which she now sues.

17. On December 12, 2022, Plaintiff alleges that she was terminated from her employment in retaliation for having complained about the illegal discrimination based on her sex (gender female) and/or because she had indicated she was willing to comply with a valid and legal subpoena, and/or in breach of her employment contract with Defendant.

## CAUSES OF ACTION

### VIOLATION OF TITLE VII AND §21.051 – SEX DISCRIMINATION

18. Plaintiff alleges that her sex (gender female) was a *motivating factor* for the Defendant's actions described above in detail, in violation Title VII and of §21.051 of the *TCHRA*, which provide that it is an unlawful employment practice to *terminate* an individual or otherwise *discriminate* against an individual with respect to compensation, terms, conditions, or privileges of employment because of sex.

### VIOLATION OF TITLE VII AND §21.055 TEXAS LABOR CODE – RETALIATION

19. Defendant *retaliated* against Plaintiff for her good faith *reporting, opposing* and/or *complaining* of illegal sex discrimination against her by Defendant, as described above, to Defendant's supervisory employees, in violation of *Title VII* and the *Texas Labor Code § 21.055*. The Plaintiff's actions as described above were a motivating factor, or alternatively, the "but for cause," resulting in the illegal termination of Plaintiff's employment by Defendant as described above.

### VIOLATION OF §52.051 TEXAS LABOR CODE

20. Plaintiff was issued a valid subpoena to testify in the court case stated above that was to begin December 12, 2022. Plaintiff indicated that she was willing to comply with the subpoena, if required to do so by law. Defendant attempted to quash the subpoena and then terminated

Plaintiff due to her willingness to, and being in the process of complying with the subpoena, which interference and termination of her job was in violation of *Texas Labor Code* §52.051.  Alternatively, Plaintiff alleges that one of the reasons Defendant terminated Plaintiff was because she was in the process of attempting to comply with the subpoena and/or to prevent her from complying further with the lawfully issued and served subpoena described above.

## BREACH OF CONTRACT

21. As describe above, Plaintiff was employed under a written contract of employment with Defendant, which extended her employment to December 4, 2023. Under the terms of that contract, Plaintiff was entitled to two weeks notice of any termination of her employment, but was not provided with any such notice.  Defendant breached said contract by terminating Plaintiff's employment on December 12, 2022, without sufficient cause under the terms of the contract,  for which damages Plaintiff also now sues.

## DAMAGES

22. Defendant's actions in discriminating and/or retaliating against Plaintiff and terminating her employment has resulted in Plaintiff losing pay and benefits of employment, which she would have received in the past and into the future had she remained employed with Defendant. Plaintiff has suffered past and future loss of reputation; past and future compensatory damages in the form of pecuniary losses, past and future emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life; and other nonpecuniary losses. Plaintiff has been damaged in an amount within the jurisdictional limits of this Court and requests that the jury award her damages in an amount supported by the evidence and that is fair and just under the facts and law.

23. Also, Defendant's breach of Plaintiff's employment contract and/or violation of *Texas Labor Code* §52.051 described above has resulted in loss of pay and other benefits of employment,

for which Plaintiff now sues and all damages suffered by Plaintiff as allowed by *Texas Labor Code* §52.051 and the common law and all applicable statutes of the State of Texas.

## PUNITIVE DAMAGES

24. The actions of Defendant, as described above, in discriminating and/or retaliating against Plaintiff by terminating her employment on the basis of her gender/sex-female were done knowingly with malice and/or recklessly in violation of Plaintiff's federal and state protected rights; therefore, Plaintiff is entitled to recover punitive damages from Defendant in an amount awarded by a jury and allowed by *Title VII* and the *TCHRA,* as well as all punitive damages allowed by *Texas Labor Code* §52.051.

## EXHAUSTION OF ADMINISTRATIVE PREREQUISITES

25. Plaintiff has satisfied all prerequisites to filing this suit, including exhausting all required administrative remedies. Plaintiff timely filed a complaint against Defendant with the Texas Workforce Commission- Civil Rights Division (which is a joint filing with the EEOC), alleging discrimination and retaliation, as required by the above referred to statute, cooperated with said Commission, received a notice of right to file a civil action from said Texas Workforce Commission- Civil Rights Division prior to timely filing this suit within sixty days of the receipt of said notice of right to file a civil action. After receiving the TWCCRD right to sue, Plaintiff received a right to sue from the EEOC and this suit is filed within 90 days of receiving said right to sue. All conditions precedent to this suit have been performed or have occurred.

## ATTORNEY FEES

26. Plaintiff had to employ an attorney to vindicate her rights under the law, and seeks reasonable and necessary attorney's fees, as allowed by law. Also, attorney fees are allowed for Plaintiff's breach of contract claim for which Plaintiff also sues.

## INJUNCTION/EQUITABLE RELIEF AGAINST DEFENDANT

27. On a finding that Defendant has engaged in an unlawful practice(s), as alleged above, Plaintiff requests the Court to prohibit by injunction the Defendant from engaging in the unlawful employment practice(s) and order all equitable relief as may be appropriate as set out in *Title VII* and/or the *TCHRA*.

## JURY TRIAL

28. Plaintiff hereby respectfully demands a trial by jury.

## PRAYER

WHEREFORE, Plaintiff requests that after Defendant appears and answers this Complaint and that on final hearing Plaintiff be awarded damages against the Defendant within the jurisdictional limit of this Court, and as stated above; an injunction preventing Defendant from engaging in the above illegal actions against its employees such as Plaintiff; attorney fees; expert witness fees; costs of court; pre-judgment interest; and such other relief as Plaintiff may be justly entitled.

**WASH & THOMAS**, **ATTORNEYS**
6613 Sanger Ave.
Waco, Texas 76710
(254) 776-3611
Fax- (254) 776-9217
Email- danwash@washthomas.com

By:  */s/ Danny C. Wash*
       Danny C. Wash
       State Bar No. 20896000

**ATTORNEYS FOR PLAINTIFF**