TIN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARISSA N. SHAW, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-1502-DII |
| | § | |
| GRAY MEDIA GROUP, INC. | § | |
| *doing business as* KWTX, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Plaintiff Marissa Shaw's ("Plaintiff") Opposed Motion for Leave to File

Plaintiff's First Amended Complaint. (Dkt. 5). Defendant Gray Media Group, Inc. d/b/a KWTX

("Defendant") filed a response, (Dkt. 6), and Plaintiff filed a reply, (Dkt. 8). Having considered the

parties' briefs, the evidence, and the relevant law, the Court finds that the motion should be denied.

## I. BACKGROUND

Plaintiff filed her original complaint in this action on December 11, 2023. (Dkt. 1). Plaintiff's

original complaint alleges that she was an employee of Defendant, working as a weekend anchor and

multimedia journalist, from December 2016 to December 2022. (Original Compl., Dkt. 1, at 3). In

September 2022, Defendant extended Plaintiff's written employment contract from October 4, 2022

to December 4, 2023. (*Id.*).

Also in September 2022, a position with Defendant as a morning news anchor became

available, and Plaintiff applied in November 2022. (*Id.*). Plaintiff states that she was highly and fully

qualified for this position. (*Id.*). Defendant's news director, who was part of the decision-making

process for the open position, told Plaintiff, "She would probably not get the morning news anchor

position due to the fact that she was female." (*Id.*). Plaintiff was never called for an interview, and

Defendant continued its search to fill the morning news anchor position after refusing to consider

Plaintiff's application. (*Id.* at 4). Plaintiff complained about the news director's statement about her gender to Defendant's General Manager in late November 2022. On December 3, 2022, Defendant gave Plaintiff her first ever disciplinary write-up, which Plaintiff claims was "unfounded" although she does not plead any facts about the content of the write-up. (*Id.*). Plaintiff attempted to appeal the write-up by contacting Defendant's human resources department, but she was never provided with any information on how to proceed with the appeal. (*Id.*).

Also during her employment with Defendant, Plaintiff was subpoenaed to testify in a federal criminal court case proceeding in Washington, D.C. (*Id.*). The criminal defendant in the federal case was a man who had been charged after participating in the January 6, 2021 riot at the United States Capitol. (*Id.*). Plaintiff had previously interviewed the criminal defendant in her role as a news reporter for Defendant. (*Id.*). Plaintiff alleges that Defendant did not want Plaintiff to testify in the trial even though she was willing to testify. (*Id.*). Defendant filed a motion to quash the subpoena; however, the criminal defendant withdrew the subpoena, and the court denied the motion as moot. (Resp., Dkt. 6, at 3).

Finally, Plaintiff alleges that she was terminated by Defendant on December 12, 2022. (Original Compl., Dkt. 1, at 5). Plaintiff states that she was not given two weeks' notice of her termination in violation of her employment contract. (*Id.* at 4). Plaintiff alleges that she performed her job satisfactorily and did not breach her employment contract in any way. (*Id.*). Plaintiff believes that Defendant terminated her employment because of her complaint that she was illegally discriminated against on the basis of her sex and/or because she was willing to comply with the subpoena and testify in a federal criminal proceeding. (*Id.*). In her original complaint, Plaintiff brings four claims against Defendant: (1) Violation of Title VII and Section 21.051 of the Texas Commission on Human Rights Act ("TCHRA")—Sex Discrimination; (2) Violation of Title VII and Section 21.055 of the TCHRA—Retaliation; (3) Violation of Section 52.051 of the Texas Labor

Code;[1] and (4) Breach of Contract. (*Id.* at 5–6). Plaintiff states that she has satisfied all prerequisites to filing this suit, including exhausting all required administrative remedies. (*Id.* at 7).

On April 2, 2024, Plaintiff filed her motion for leave to file an amended complaint. (Dkt. 5). In her motion, Plaintiff states that the amended complaint would add another statutory claim "surrounding Defendant's resistance of Plaintiff testifying at trial." (*Id.* at 2). Plaintiff argues that her original complaint already alleged a state law claim related to these facts—Violation of Section 52.051 of the Texas Labor Code—and that she is now simply attempting to add the equivalent federal law cause of action—42 U.S.C § 1985(2). (*Id.*). "Title 42 U.S.C. § 1985, part of the Civil Rights Act of 1871, creates a private civil remedy for three prohibited forms of conspiracy to interfere with civil rights under that section. . . . Subsection (2) concerns conspiracies directed at the right of participation in federal judicial proceedings." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 149 (5th Cir. 2010). Plaintiff states that she was unaware of Section 1985(2) when she filed her original complaint. (Mot. Leave, Dkt. 5 at 3). Plaintiff's proposed amended complaint provides additional facts concerning her Section 1985(2) claim. (Dkt. 5-1, at 4–5). Plaintiff pleads that after she was subpoenaed to testify in the federal criminal trial, Defendant acted through "two or more of it's [sic] supervisory employees" to file a motion to quash and prevent Plaintiff from testifying in compliance with the subpoena. (*Id.*). Plaintiff further alleges that "[t]he two supervisory employees of Defendant, in the course and scope of their employment, and perhaps for personal reasons also, hired and paid for an attorney and firm of lawyers to engage in the effort with them to prevent Plaintiff from testifying." (*Id.* at 5). Defendant hired the attorney to represent Plaintiff, although Plaintiff contends that the attorney was working with Defendant to prevent Plaintiff from "testifying freely and fully." (*Id.*). Plaintiff states that Defendant's two employees used "intimidation

---

[1] "An employer may not discharge, discipline, or penalize in any manner an employee because the employee complies with a valid subpoena to appear in a civil, criminal, legislative, or administrative proceeding." Tex. Labor Code Ann. § 52.051 (West) (2023).

and threat against Plaintiff's job . . . to deter and prevent her from testifying." (*Id.*). Plaintiff claims

that these allegations amount to a violation of Section 1985(2). (*Id.* at 7).

Defendant filed a response in opposition to Plaintiff's motion for leave to file an amended

complaint, (Dkt. 6), and Plaintiff then filed a reply, (Dkt. 8).

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure permit a party to amend its pleading "once as a matter

of course," but afterwards "only with the opposing party's written consent or the court's leave."

Fed. R. Civ. P. 15(a)(1)–(2). "The court should freely give leave when justice so requires." Fed. R.

Civ. P. 15(a)(2). Rule 15(a) "requires the trial court to grant leave to amend freely, and the language

of this rule evinces a bias in favor of granting leave to amend." *Lyn–Lea Travel Corp. v. Am. Airlines*,

283 F.3d 282, 286 (5th Cir. 2002). But leave to amend "is by no means automatic." *Davis v. United*

*States*, 961 F.2d 53, 57 (5th Cir. 1991). A district court may deny leave to amend if it has a

"substantial reason" to do so. *Lyn–Lea Travel Corp.*, 283 F.3d at 286. The futility of amendment is

one such substantial reason to deny leave to amend. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863,

872–73 (5th Cir. 2000). A proposed amendment is futile if it fails to state a claim upon which relief

could be granted. *Id.* at 873. Therefore, in determining futility, this Court will apply the "the same

standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.*

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon

which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts

'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina*

*Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area*

*Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a

complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for

entitlement to relief—including factual allegations that when assumed to be true 'raise a right to

relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted).

## III. DISCUSSION

To determine whether Plaintiff's proposed amendment would be futile, the Court must decide whether Plaintiff has sufficiently pleaded a claim for violation of 42 U.S.C. § 1985(2). There are two subparts in Section 1985(2). A conspiracy claim under the first part of Section 1985(2) requires a showing of "a conspiracy of two or more people, which is causally connected to a federal court proceeding in that it directly affects or attempts to affect parties, witnesses, or jurors in a federal court." *James v. MedicalControl, Inc.*, 29 F. Supp. 2d 749, 754 (N.D. Tex. 1998) (citing *McLean v. Intl. Harvester Co.*, 817 F.2d 1214, 1218 (5th Cir. 1987); *Bradt v. Smith*, 634 F.2d 796, 800–01 (5th Cir. 1981). "A conspiracy claim under the second part of Section 1985(2) requires a showing that two or more persons conspired to obstruct justice in a state court proceeding, and that they were motivated by a race or class-based animus." *James*, 29 F. Supp. 2d at 754. In the instant case, Plaintiff alleges

that Defendant and her former attorney interfered with her ability to testify as a witness in a federal criminal court proceeding; therefore, Plaintiff's allegations fall under the first part of Section 1985(2).

"The gist of the wrong at which § 1985(2) [part one] is directed is . . . intimidation or retaliation against witnesses in federal-court proceedings." *Haddle v. Garrison*, 525 U.S. 121, 125 (1998). To state a claim under Section 1985(2), part one, a plaintiff must show: (1) a conspiracy between two or more persons; (2) to deter a witness by force, intimidation, or threat from attending or testifying freely in a matter pending in federal court; which (3) causes injury to the plaintiff. *Mitchell v. Johnson,* No. 07-40996, 2008 WL 3244283, at *2 (5th Cir. Aug. 8, 2008) (citing *Rutledge v. Arizona Bd. of Regents*, 859 F.2d 732, 735 (9th Cir. 1988)); *Smart v. United States*, No. EP-10-CV-253-PRM, 2010 WL 4929107, at *11 (W.D. Tex. Nov. 30, 2010). "A plaintiff is not required to show monetary damages, but must show 'that the conspiracy hampered the claimant's ability to present an effective case in federal court.'" *Smart*, 2010 WL 4929107, at *11 (citing *Rutledge*, 859 F.2d at 735). When a party or witness has not yet testified in the federal proceeding, "the conspirator must injure the party or witness *in order to* deter him from attending or testifying in federal court." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 150 (5th Cir. 2010).

In her amended complaint, Plaintiff alleges that she was willing to and would have complied with the criminal defendant's subpoena "if she had not been prevented by Defendant's actions." (Proposed Am. Compl., Dkt. 5-1, at 13). Plaintiff further alleges that two of Defendant's supervisory employees "hired and paid for an attorney and firm of lawyers to engage in the effort with them to prevent Plaintiff from testifying in the above described federal trial." (*Id.*). Defendant's supervisory employees also "used intimidation and threat against Plaintiff's job with Defendant, to deter and prevent her from testifying and threatening to discipline or terminate her employment, if she testified in the federal trial proceeding." (*Id.*). Plaintiff claims that Defendant's conspiracy with Plaintiff's attorney resulted in the loss of her job and other damages including employee benefits,

loss of reputation, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life. (*Id.* at 8).

Defendant argues that Plaintiff's amended complaint fails to plead a plausible Section 1985(2) claim. (Resp., Dkt. 6, at 4). According to Defendant, Plaintiff's Section 1985(2) claim is replete with conclusory allegations, unwarranted factual allegations, and legal conclusions that must be disregarded. (*Id.* at 5). Defendant contends that "[e]ven if Plaintiff attributes to [Defendant] a motivation to unlawfully interfere with her testimony, which Defendant denies, Plaintiff fails to identify any *agreement* to violate her rights among employees of [Defendant], or between [Defendant] and Plaintiff's own prior counsel." (*Id.* at 6 (emphasis in original)). Defendant argues that paying Plaintiff's attorney's fees related to a subpoena directed toward her journalistic work for Defendant is not evidence of conspiracy as this is a common practice for employers. (*Id.*). Further, Plaintiff has provided no specific facts as to her claim that Defendant used intimidation and threatened Plaintiff with the loss of her job to prevent her from testifying. (*Id.*). Finally, Defendant points out that Plaintiff was not terminated until December 12, 2022, which was after the subpoena was ultimately withdrawn by the criminal defendant. (*Id.* at 7). Therefore, "Plaintiff cannot establish that she was terminated *in order to* deter her from testifying." (*Id.*).

The Court agrees with Defendant that Plaintiff does not sufficiently plead a Section 1985(2) claim in her amended complaint[2] in two regards: (1) Plaintiff does not sufficiently plead that there was a conspiracy between two or more people, and (2) Plaintiff does not sufficiently plead that

---

[2] A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey*, 540 F.3d at 338 (citations and internal quotation marks omitted). Plaintiff attached a declaration to her reply in support of her motion for leave to file an amended complaint in which Plaintiff provides additional factual allegations about the circumstances that lead to the instant action. (Pl.'s Decl., Dkt. 8-1). However, the Court will not consider this declaration in its discussion of whether Plaintiff's amended complaint sufficiently states a claim under Section 1985(2) as the declaration was not incorporated into nor properly attached to the amended complaint.

Defendant used force, intimidation, or threat to deter her from testifying. First, Plaintiff's proposed amended complaint does not sufficiently allege that there was a conspiracy between Defendant and her prior attorney or between employees of Defendant. Rather, Plaintiff's amended complaint merely states that Defendant hired attorneys to represent Plaintiff after she was subpoenaed. (Proposed Am. Compl., Dkt. 5-1, at 5). Defendant separately, through its own attorneys, filed a motion to quash the subpoena. (Resp., Dkt. 6, at 2). Plaintiff does not allege any further facts about the existence of a conspiracy between Defendant and Plaintiff's attorney or between Defendant's employees. Plaintiff's claim that there was a conspiracy is completely conclusory.

Second, while Plaintiff does allege that one of Defendant's employees told her she may not testify in the criminal proceeding—the properly attached disciplinary write-up corroborates this claim, (*see* Ex. A, Dkt. 5-1, at 12)—this does not on its face suggest that Defendant used force or intimidation to prevent Plaintiff from testifying. Indeed, the facts of the proposed amended complaint only suggest that Defendant acted to prevent the testimony by filing a motion to quash the subpoena. (*See* Am. Compl., Dkt. 5-1, at 13). Plaintiff's disciplinary write-up lists several corrective actions for Plaintiff to take, including ceasing all direct communication with the criminal defendant's attorney and disclosing all information related to the criminal defendant's case with Defendant, but it does not forbid Plaintiff from testifying or threaten to terminate Plaintiff if she does testify. (Ex. A, Dkt. 5-1, at 12). Plaintiff's plain statement that Defendant's employees used "intimidation and threat" to prevent Plaintiff from testifying is, without more, just a recitation of the elements of a Section 1985(2) claim. This level of factual allegations is not sufficient to survive a 12(b)(6) standard.

Because Plaintiff's amended complaint does not sufficiently plead that there was a conspiracy between Defendant and Plaintiff's prior attorney or between Defendant's employees or sufficiently plead that Defendant used force, intimidation, or threat to deter Plaintiff from testifying,

the Court finds that Plaintiff's Section 1985(2) claim would not survive a 12(b)(6) motion. Since Plaintiff's amended complaint only differs from her original complaint in that it adds the Section 1985(2) claim, the Court finds that such amendment would be futile.

## IV. CONCLUSION

For the reasons given above, **IT IS ORDERED** that Plaintiff's motion for leave to amend her complaint, (Dkt. 5), is **DENIED WITHOUT PREJUDICE**. Due to the early stages of this litigation, the Court will not preclude Plaintiff from filing another motion for leave to file an amended complaint.

**SIGNED** on May 6, 2024.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE