IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARISSA N. SHAW, | § | NO. 1:23-CV-01502-DAE |
| *Plaintiff*, | § | |
| vs. | § | |
| GRAY MEDIA GROUP, INC. D/B/A KWTX, | § | |
| *Defendant*. | § | |

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Before the Court is Plaintiff Marissa Shaw's ("Plaintiff" or "Shaw") Motion for Reconsideration of Summary Judgment on Plaintiff's Sex Discrimination Claim. (Dkt. # 65) Plaintiff filed this Motion on November 5, 2026. On November 12, 2026, Defendant filed a Response in Opposition. (Dkt. # 71.) The case is currently set for trial beginning on December 7, 2026. (See id.)

The Court deems this matter suitable for disposition without a hearing. After careful consideration of the relevant filings and law, the Court **DENIES** Plaintiff's Motion. (Dkt. # 65.)

BACKGROUND

The Court incorporates by reference the background as recited in its Order Granting in Part and Denying in Part Defendant's Motion for Summary

Judgment. (Dkt. # 54 at 2–6.) The Court also notes that Plaintiff filed this Motion over nine months after the Court issued its previous Order. (Compare Dkt. # 54 (filed on February 2, 2026), with Dkt. # 65 (filed on November 5, 2026).)

By her Motion, Shaw seeks reconsideration of this Court's decision to grant Defendant summary judgment on her Title VII sex discrimination claim. (See Dkt. # 65 at 1.) She does not contest the Court's ruling on her subpoena interference claim. (See id.) The core of her argument is as follows:

> The summary-judgment record contains Shaw's sworn testimony that the managers involved in the morning-anchor hiring process expressly preferred a man for the position. Shaw testified that when she asked General Manager Josh Young whether she should apply, Young responded that she could apply if she wanted, but the News Director, Bob Walters, . . . who told her that she could apply but probably would not receive the position because he wanted a man.
>
> The Court recognized that, if credited, those statements constitute direct evidence that Shaw's sex was used as a criterion to exclude her from consideration. A statement showing discriminatory motive on its face is direct evidence, and a plaintiff's sworn testimony recounting such a statement is evidence rather than merely a subjective belief.
>
> The Court nevertheless granted summary judgment because Gray did not hire anyone under the first posting and, in the Court's view, proved that it would have made the same decision absent the discriminatory criterion. That ruling overlooks the injury Shaw asserted. Her claim is not limited to Gray's ultimate selection of a candidate. Shaw claims Gray denied her equal consideration for an identifiable employment opportunity because she is a woman.

(Id. at 1–2 (footnotes omitted).)

Defendant counters by classifying Plaintiff's Motion as "nothing more than a delay tactic" that "seeks to improperly relitigate the [Court's Order on Defendant's] Motion for Summary Judgment." (Dkt. # 71 at 2–3.) In the alternative, Plaintiff urges the Court to reconsider the Court's ruling denying Plaintiff's Motion for Summary Judgment on Plaintiff's sex retaliation claims." (Id. at 8–10.)

LEGAL STANDARD

"[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration . . . ." St. Paul Mercury Ins. Co. v. Fair Grounds Corp., 123 F.3d 336, 339 (5th Cir. 1997). Such a motion, however, may be considered under Rule 54(b), which permits courts to revise "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . before the entry of a judgment." Fed. R. Civ. P. 54(b); see Tool Dev., Inc. v. Nat'l Semiconductor Corp., 881 F. Supp. 2d 745, 748 (E.D. Tex. 2012) (holding that under Rule 54(b), a court retains the power to revise an interlocutory order before entry of a final judgment). "Rule 54(b) authorizes a district court to reconsider and reverse its prior rulings on any interlocutory order 'for any reason it deems sufficient.'" United States v. Renda, 709 F.3d 472, 479 (5th Cir. 2013) (quoting Saqui v. Pride Cent. Am., LLC, 595 F.3d 206, 210–11 (5th Cir. 2010)). And "[i]t is a well established rule of trial

procedure that a district court may reconsider and reverse a previous interlocutory order at its discretion." Holoway v. Triola, 172 F.3d 866, 866 (5th Cir. 1999).

## DISCUSSION

In its Response, Defendant rightly states that "it is common in this Circuit to deny motions that are filed too close to trial." (Dkt. # 71 at 2–3 (collecting authorities)); cf. Daves v. Payless Cashways, Inc., 661 F.2d 1022, 1025 (5th Cir. 1981) (denying amendment of a complaint "on the eve of trial after discovery and after an unexplained . . . delay"). The Fifth Circuit has warned that "the cycle of reconsideration would be never-ending" if district courts did not exercise their discretion when considering Rule 54(b) motions for reconsideration. Calpetco 1981 v. Marshall Expl., Inc., 989 F.2d 1408, 1415 (5th Cir. 1993). In fact, the same Fifth Circuit panel offered additional reasoning that, applied to this case, explains why the Court should use its discretion to deny Plaintiff's Motion. (Dkt. # 65.) Specifically, the Court observed:

> Where, as here, partial summary judgment is granted, the length and complexity of trial on the remaining issues are lessened, all to the advantage of the litigants, the courts, those waiting in line for trial, and the American public in general. These are interests of great import, and if they are to be served, the Rules designed to sponsor and secure them must be followed and enforced. In short, a district judge must have considerable discretion in determining when enough is enough.

Calpetco, 989 F.2d at 1415.

Furthermore, as one district court reasoned when denying a Rule 54(b) motion on similar grounds, "[t]he mere fact that Rule 54(b) provides for a more flexible approach to reviewing motions for reconsideration does not mean that such motions should automatically be granted." Turk v. Pershing LLC, No. 3:09-CV-2199-N, 2019 WL 13074701, at *1 (N.D. Tex. Aug. 1, 2019). And, as another district court opined concerning its decision to deny a plaintiff's motion for reconsideration, "after the court granted partial summary judgment for the defendant," entertaining Shaw's Motion for Reconsideration with the care that such a motion deserves "on the eve of trial, and reopening the matter [that this Court decided more than nine months ago,] would cause both substantial prejudice and delay." Tempest Pub., Inc. v. Hacienda Recs. & Recording Studio, Inc., No. CIV.A. H-12-736, 2013 WL 5964516, at *15 (S.D. Tex. Nov. 7, 2013). To wit, "ruling otherwise would disrupt the judicial process." Id. Finally, nothing in Plaintiff's Motion, discussed and excerpted supra, leads the Court to alter its prior merits-based conclusion such that reconsideration of the Court's prior Order is justified. (Dkt. # 54.)

## CONCLUSION

Plaintiff's Motion for Reconsideration is **DENIED**. (Dkt. # 65.) To the extent that Defendant filed its own "Motion for Reconsideration in the Alternative," that Motion is **DENIED AS MOOT**. (Dkt. # 71.) Unless the parties

agree to a settlement in the coming weeks, this case shall proceed to trial as previously scheduled.

**IT IS SO ORDERED**.

**DATED:** Austin, Texas, November 16, 2026.

____________________________________
David Alan Ezra
Senior United States District Judge